GREEN, J.
The opinions of the court below stated in the first two exceptions were unquestionably correct, and indeed are not seriously questioned by the appellant’s counsel.
The third exception presents the naked question, Whether under the act of February 1814, a deputy sheriff was competent to sell and make a valid conveyance of lands, returned delinquent for the non-payment of taxes accruing in 1812 and 1813?
*In 1781, the first act was passed authorising the sale of land for taxes. 2 Rev. Code, app. IV. ch. 1, p. 508. That act authorised the sheriff or collector appointed in his place, under certain circumstances, to distrain and sell for all taxes, lands as well as slaves, goods and chattels. It continued in force until 1790, the mode of selling lands distrained for taxes, being variously modified and controlled by several subsequent statutes, the most material of which, and the only one that touches the question under consideration, is that of Oct. 1787, 12 Hen. stat. at large, ch. 42, p. 564, reciting that various oppressions had been practised in the sales of land for taxes, provided, among other things, that all such sales should be made by the high sheriff or collector in person, and not by deputy. In 1790 an act was passed repealing all laws authorising the sale of lands for taxes, and declaring all lands, upo.n which the taxes shall remain unpaid for three years, to be forfeited and vested in the commonwealth, and liable to be taken up as waste and unappropriated lands might be. 2 Rev. Code, app. IV. ch. 6, p. 517. This right to locate such lands, was taken away by the act of 1807 (Id. ch. 16, p. 530,) by which, and various other acts, both before and after, time was given for the redemption of such forfeited lands, up to the end of the session of assembly of 1813-14. By an act passed in that session, (Id. ch. 24, § 45, p. 553,) the sheriffs were directed to collect all the arrearages of taxes upon lands, due before 1814, and to proceed therein, by distress, by sale of the land, and in every respect whatever, to perform the same duties as if they were part of the arrearages of the year 1814, changing only the form of his advertisements and returns, so as to suit the case. The same act (§ 23, 24,) directed, that, in the year 1815, and in every year thereafter, the sheriff of each county should be charged with the collection of the delinquent land taxes of the preceding year, and that he should advertise the sale of all delinquent lands, at the May, June and July courts, to- take 'place on the first day of the succeeding August court. The act gives the literal terms of the advertisement, thus: “Notice is hereby *given, that &c. I shall sell’’ &c. to be signed, “A. B. sheriff of -county, or A. B. deputy for-sheriff of-- county.” And it directs that the sheriff shall, on behalf of the commonwealth, execute a deed to the purchaser &c. This act also repeals all other acts coming within its purview.
If the question depended upon this last act only, I think there could be no doubt but that the sale and conveyance of such lands might be made by deputy. Such was the practical construction of the former laws, giving the power, in such cases, to the sheriff or collector by those names only, to sell and convey, which occasioned the provision of the act of 1787, requiring the sheriff or collector to act in person and not by deputy upon such occasions. And the construction was in conformity to the rule properly laid down by the court in Wroe v. Harris, that all ministerial duties of the sheriff (of which this is one, as much as the execution of a writ of elegit or of ad quod damnum, both of which require the seal of the sheriff, as well as his conveyance under a sale for taxes) may be executed by deputy, while his judicial duties can only be exercised in person, they being incapable of deputation! Besides, the act of February 1814, obviously contemplated, that the deputy is authorised to sell, and consequently to convey, by giving the terms of an advertisement of sale to be made by him as deputy.
*349 Then, the only inquiry is, Whether the effect of the act of 1814 is controlled bj the general provisions of the act of 1787? I think not. The act of 1787 was virtually repealed by that of 1790, which repealed all laws authorising a sale of lands for taxes; or, if not by that act, by the act of 1814, which conflicts in this particular with it, and repeals all prior acts coming within its purview.
The rejection of the deed mentioned in the third exception, upon the ground therein stated, was erroneous, and the judgment ought for this cause to be reversed.
The other judges concurring, judgment reversed, and cause remanded for a new trial &c.